UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK T. OWENS, | ) | 5:21cr401<br>Case No. 5:23-cv-01410 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

On July 21, 2023, Petitioner Frederick T. Owens filed a *pro se* motion under 28 U.S.C. § 2255 to collaterally attack his detention before sentencing. (ECF No. 1.) Petitioner seeks release from detention claiming that the Court erred in finding violations of the terms of his probation and that his counsel rendered ineffective assistance at the violation hearing. (*Id.*, PageID #15.)

By way of background, the United States indicted Petitioner in 2021 on one count of possessing a firearm as a felon. *See United States v. Owens*, No. 5:21-cr-401. Petitioner pleaded guilty to that charge in 2022, (No. 5:21-cr-401, Minutes, June 30, 2022), and the Court sentenced him to a four-year term of probation, (No. 5:21-cr-401, Judgment, Oct. 27, 2022). After a hearing on May 9, 2023, the Court found that Mr. Owens violated the terms and conditions of his sentence of probation. (No. 5:21-cr-401, Minutes, May 9, 2023.) The Court revoked probation, scheduled resentencing, and ordered detention in the meantime. (*Id.*) At Petitioner's request, the Court

appointed new counsel for resentencing. (No. 5:21-cr-401, Minutes, June 8, 2023.) Resentencing is scheduled for July 31, 2023.

Section 2255 provides prisoners "in custody under sentence of a court" an avenue for "release[]." 28 U.S.C. § 2255(a). "Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023). For that reason, a Section 2255 claim accrues, and the statute of limitations begins to run, when "the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Because the Court has not yet resentenced Mr. Owens, it has not entered a final judgment, and Petitioner is not currently "in custody under sentence," *id.* § 2255(a). Mr. Owens recognizes as much. (*See* ECF No. 1, PageID #4 ("[I] haven't been sentenced at this time.").) Instead, Petitioner is detained and awaits "imposition or execution of sentence," 18 U.S.C. § 3143(a)(1), because the Court "revoke[d] the sentence of probation" after finding violations, *see id*. § 3565(a)(2). The Court cannot "vacate, set aside or correct [a] sentence" that it has not imposed. 28 U.S.C. § 2255(a); *see Rosales-Garcia v. Holland*, 322 F.3d 386, 399 n.13 (6th Cir. 2003) (explaining that a detainee is not "in custody under sentence" within the meaning of Section 2255); *In re Cassaday*, No. 22-1762, 2023 U.S. App. LEXIS 1586, at *3 (6th Cir. 2023) (same); *cf. Jones*, 143 S. Ct. at 1867 (challenges to the manner of detention, as opposed to the sentence, "are not within § 2255's substantive scope").

For these reasons, the Court **DENIES** Petitioner's motion **WITHOUT PREJUDICE**. *See Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998) (petition is not second or successive when a prior petition was dismissed without prejudice).

**SO ORDERED.**

Dated: July 27, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio